UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARE ZONE, INC., <br><br> Plaintiff, <br><br> v. <br><br> MASSACHUSETTS BAY INSURANCE CO., et al., <br><br> Defendants. | Case No. 24-cv-04496-AMO <br><br> **ORDER RE MOTION TO DISMISS AND/OR STRIKE COUNTERCOMPLAINT** <br><br> Re: Dkt. No. 32 |

Before the Court is a motion to dismiss and/or strike Defendant and Counter-Plaintiff Massachusetts' Bay Insurance Company's Counterclaims and Third-Party Complaint brought by Plaintiff and Counter-Defendant Care Zone, Inc., along with Third-Parties CZ Services, Inc., and Jonathan Schwartz. The matter is fully briefed and suitable for decision without oral argument. Accordingly, the hearing set for April 17, 2025, is **VACATED**. *See* Civ. L.R. 7-6. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the Court hereby **GRANTS** the motion to dismiss, for the following reasons.

I.  **BACKGROUND**

Plaintiff Care Zone, Inc. ("Care Zone"), initiated this lawsuit against Massachusetts Bay Insurance Company ("MBIC"). ECF 1. MBIC answered and brought counterclaims against Counter Defendant Care Zone, along with third parties CZ Services, Inc., and Jonathan Schwartz (together, "Counterclaim Defendants"). *See* MBIC Answer and Counterclaims (ECF 9, "Countercomplaint").[1]

---

[1] To properly assess the motion to dismiss, the Court accepts as true and draws from the allegations in the Countercomplaint. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

1    In 2018, MBIC issued a commercial general liability policy ("Policy") that provided coverage to CareZone, CZ Services, Inc. ("CZ Services"), its CEO Jonathan Schwartz, and CareZone Pharmacy (collectively, "Insureds").  Countercomplaint ¶ 9.  In July of 2018, the CZ Services filed a complaint against Express Scripts ("ESI") arising out of ESI's attempts to remove certain Care Zone pharmacies from ESI's pharmacy network.  *Id.* ¶ 9.  In October of 2018, ESI filed counterclaims against the Insureds asserting several causes of action, including a claim for defamation.  *Id.* ¶ 11.

MBIC initially denied coverage for the ESI counterclaims, contending that the Policy's breach of contract exclusion meant there was no duty to defend.  Countercomplaint ¶ 19.  After resistance from the Insureds, MBIC agreed to defend the Insureds subject to a reservation of rights and appointed panel defense counsel, Vogel Meredith, in early 2019 to "fully defend the Counterclaims pursuant to its rights under the policy."  *Id.* ¶¶ 20-21; 25.

ESI voluntarily dismissed its defamation claim in February of 2020.  Countercomplaint ¶ 33.  MBIC then proposed MBIC's withdrawal from the defense.  *Id.* ¶ 34.  The parties then agreed that "MBIC's defense obligation had been extinguished."  Countercomplaint ¶ 35.  Two years later, in 2022, the underlying case with ESI went to trial.  *Id.* ¶ 16.

CareZone subsequently brought this breach of contract and insurer bad faith case against MBIC seeking recovery for the amounts it spent defending itself against the defamation claim in the ESI case based, in part, on the inadequacy of the appointed counsel.  ECF 1.  MBIC responded by bringing Counterclaims against CareZone and the other Counterclaim Defendants for (1) declaratory relief, seeking a declaration that MBIC had no duty to defend in the ESI case, and (2) reimbursement for the amounts paid towards the defense.  *See* Countercomplaint ¶¶ 47-66.

## II.   DISCUSSION

Counterclaim Defendants move to dismiss the Countercomplaint for failure to state a claim, and they additionally seek dismissal of the declaratory relief claim as moot.  Counterclaim Defendants also move to strike the declaratory relief claim on the basis that it seeks redundant relief to that which will result from resolution of Care Zone's own breach of contract claim.

1    Because the Court finds that the Countercomplaint must be dismissed and the declaratory relief

2    claim is moot for the reasons stated below, the Court does not reach the motion to strike.

### A. Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. *Ileto v. Glock*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Under Federal Rule of Civil Procedure 8, which requires that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), a complaint may be dismissed under Rule 12(b)(6) if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory. *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013).

While the court is to accept as true all the factual allegations in the complaint, legally conclusory statements, not supported by actual factual allegations, need not be accepted. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The complaint must proffer sufficient facts to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 558-59 (2007) (citations and quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Id.* at 679. If dismissal is warranted, it is generally without prejudice, unless it is clear that the complaint cannot be saved by any amendment. *Sparling v. Daou*, 411 F.3d 1006, 1013 (9th Cir. 2005).

Review is generally limited to the contents of the complaint, although the court can also consider a document on which the complaint relies if the document is central to the claims asserted in the complaint, and no party questions the authenticity of the document. *See Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). The court may consider matters that are properly the subject of judicial notice, *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001), and may also consider documents referenced extensively in the complaint and documents that form the basis of the plaintiffs' claims. *See No. 84 Emp'r-*

3

1  *Teamster Jt. Council Pension Tr. Fund v. Am. W. Holding Corp.*, 320 F.3d 920, 925 n.2 (9th Cir. 2003).

### B. Analysis

#### 1. Sufficiency of Allegations Regarding Duty to Defend

Counterclaim Defendants argue that MBIC's Counterclaim must be dismissed because it fails to allege sufficient facts to support either of its causes of action, both of which require a showing that MBIC had no duty to defend under the terms of the Policy. An insurer has a duty to defend its insured against claims that are potentially covered under the insurance policy. *See Horace Mann Ins. Co. v. Barbara B.*, 4 Cal. 4th 1076, 1081 (1993); *Gray v. Zurich Ins. Co.*, 65 Cal. 2d 263, 275 (1966) ("[T]he carrier must defend a suit which potentially seeks damages within the coverage of the policy."). "[W]here there is no potential for coverage, there is no duty to defend." *La Jolla Beach & Tennis Club, Inc. v. Indust. Indem. Co.*, 9 Cal. 4th 27, 39 (1994). "The burden is on an insured to establish that the occurrence forming the basis of its claim is within the basic scope of insurance coverage." *Aydin Corp. v. First State Ins. Co.*, 18 Cal. 4th 1183, 1188 (1998). "And, once an insured has made this showing, the burden is on the insurer to prove the claim is specifically excluded." *Id.*

Here, there is no dispute that the original claim from CareZone, as the insured, implicates coverage under the Policy. The question, as Counterclaim Defendants argue, is whether MBIC establishes that CareZone's claim is specifically excluded and whether the Counterclaim fails to state a claim that it owed no duty to defend. *See* Mot. (ECF 32) at 5-6. In particular, Counterclaim Defendants aver that MBIC quotes extensively from the Policy without showing how any exclusion applies to the facts of this case such that MBIC owed no duty to defend. *Id.*

MBIC counters that the Counterclaim sufficiently pleads its claims for declaratory relief and reimbursement causes of action particularly where MBIC only agreed to defend subject to a complete reservation of rights. *See* Counterclaim ¶¶ 12, 21. MBIC asserts that it "sufficiently pleads that

> (1) MBIC agreed to defend CareZone, CZ Services, Schwartz, and CareZone Pharmacy (collectively, "Care Zone Defendants") under a complete reservation of rights [¶ 2];

4

>(2) on January 4, 2019, MBIC declined Care Zone's request for defense and indemnity pursuant to the Policy's exclusion for personal and advertising injury arising out of a breach of contract and based on the limited information provided by Care Zone [¶ 19];
>
>(3) MBIC only later withdrew its prior declination of coverage in an abundance of caution and agreed to defend pursuant to a full reservation of rights [¶ 21];
>
>(4) Care Zone Defendants and their personal counsel BSF failed to cooperate with MBIC's retained defense counsel through the underlying litigation [¶¶ 22-32];
>
>(5) BSF's invoices contain billing for work for non-covered affirmative litigation, excessive hourly rates, and entries subject to further audit, and the Care Zone Defendants have failed to provide MBIC with evidence and documentation of payment of BSF invoices, or otherwise identify affirmative litigation fees and costs versus defense litigation fees and costs [¶¶ 40-45];
>
>(6) the Policy excludes coverage for expected or intended injury, contractual liability, violation of any statute, ordinance, or regulation, knowing violation of the rights of another, material published with knowledge of its falsity, breach of contract, electronic chatrooms or bulletin boards, and unauthorized use of another's name or product [¶ 50];
>
>(7) the Policy requires the Care Zone Defendants' prompt notice, authorization to obtain records and other information, cooperation, and assistance [¶ 52];
>
>(8) the Policy prohibits any voluntary payment by the Care Zone Defendants [¶ 53]; and
>
>(9) MBIC owed no duty to defend the Care Zone Defendants in the underlying litigation based on the Policy language [¶ 54].

Opp. (ECF 34) at 4-5 (formatting added and citations altered).

These conclusory recitations do not establish that MBIC owed no duty, and they fall short of providing sufficient factual matter to state a claim for declaratory relief or reimbursement that is plausible on its face. *See Iqbal*, 556 U.S. at 678. Because MBIC has failed to provide any facts showing that Counterclaim Defendants acted contrary to the terms of the Policy or that the underlying claim for defense fell within the bounds of a Policy exclusion, the Court concludes the Counterclaims fall short. The Court therefore DISMISSES the Counterclaims on these pleading defects alone.

5

### 2. Mootness of Declaratory Relief Claim

Counterclaim Defendants additionally seek dismissal of MBIC's claim for declaratory relief because the claim is moot. Pursuant to the Declaratory Judgment Act, "[i]n a case of actual controversy," the Court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "This statute does not create new substantive rights, but merely expands the remedies available in federal courts." *Shell Gulf of Mexico, Inc. v. Center for Biological Diversity, Inc.*, 771 F.3d 632, 635 (9th Cir. 2014). "To determine whether a declaratory judgment action presents a justiciable case or controversy, courts consider 'whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.' " *Id.* (quoting *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).

The underlying defamation claim for which MBIC now asserts it owed no duty to defend was dismissed in February 2020, over five years ago. Now that the underlying claim has resolved, there is no need for a separate declaration regarding coverage – whether MBIC owed a duty to defend will necessarily be resolved in the scope of CareZone's Complaint. The declaratory relief MBIC pursues here is moot because all the defense costs have already been incurred and a declaration that MBIC owed no duty to defend would not settle some ongoing or future "dispute *which affects the behavior of the defendant towards the plaintiff*." *Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 868 (9th Cir. 2017) (citing *Hewitt v. Helms*, 482 U.S. 755, 761 (1987)) (emphasis in original). MBIC essentially pursues an advisory opinion in the absence of an active dispute regarding the duty to defend, rendering the declaratory relief claim moot. The Court therefore DISMISSES the declaratory relief claim as moot and without leave to amend.

//
//
//
//
//

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Counterclaim Defendants' motion to dismiss with leave to amend. MBIC may file its amended Countercomplaint within 28 days from the date of this order. Any amendment is limited to the claim for reimbursement. No additional parties or claims may be added without leave of Court or stipulation of Counterclaim Defendants.

**IT IS SO ORDERED.**

Dated: April 15, 2025

**A**RACELI **M**ARTÍNEZ-**O**LGUÍN
**United States District Judge**

7